OPINION
Thomas Helmers was found guilty, after a bench trial, of public indecency, in violation of R.C. 2907.09(A), and criminal trespass, in violation of R.C. 2911.21(A)(1). The trial court imposed concurrent sentences of thirty days incarceration, twenty days of which were suspended. The trial court granted Helmers a stay of execution of the unsuspended ten-day sentences pending appeal.
Although represented at trial by counsel, Helmers appears pro se in this appeal, and his entire appellate argument is set forth in his opening brief and in his reply brief is as follows:
 The Trial Court relied on the sole testimony of the Plaintiff in reaching its incorrect conclusion.
 The police officer (Phillip K. Greene) took the complaint from Sharon K. Phillips and issued a ticket. The police or the court have no evidence that the defendant was involved in the incident in any way. They have not produced the red robe nor the house slippers that the person identified was wearing. There were no fingerprints submitted as proof that anyone was involved. The defendant has stated that he was not at or near the plaintiff's porch area on July 5, 2000 or July 4, 2000. The plaintiff did not identify the large scar or psoriasis on the defendant's chest or stomach area.
 The prosecution's case is based entirely upon the mistaken identity by the Plaintiff. There is no supporting evidence because the alleged offense did not occur. There are no witnesses other than the plaintiff.
Helmers advances no assignment of error on appeal. The State has properly cast Helmers' issues on appeal as whether the findings of guilty are supported by sufficient evidence and whether they are against the manifest weight of the evidence.
Based upon our consideration of the trial transcript, we conclude that the findings of guilty are both supported by the evidence and are not against the manifest weight of the evidence and, accordingly, we will affirm.
R.C. 2907.09(A)(1) provides that no person shall recklessly, under circumstances in which his or her conduct is likely to be viewed by and affront others who are not members of his household, expose his or her private parts. R.C. 2911.21(A)(1) provides that no person, without privilege to do so, shall knowingly enter or remain on the land or premises of another.
The State presented two witnesses, Sharon Phillips and Huber Heights Police Officer Phillip Greene. Helmers testified on his own behalf.
Sharon Phillips testified that she lives at 4550 Wayne Meadows Circle Drive in a ground level apartment of a four unit apartment building. She testified that Helmers lives in the four unit apartment next to hers, and that prior to July 5, 2000, when the incident giving rise to these charges occurred, she had observed him in her neighborhood.
Phillips testified that she has a patio at the rear of her apartment which is accessed from her kitchen by a patio door which is fitted with sliding blinds. She testified that there is a wooden fence on each side of her patio.
Phillips testified that on July 5, 2000, between 10 and 10:25 a.m., she responded to a knock on the patio door, that she opened the patio door blinds and observed Helmers in a red bathrobe and house slippers, and that she and Helmers engaged in a brief conversation through the door about firecrackers which had been set off the night before. She stated that Helmers then walked away, and that she closed the blinds. She testified that about five minutes later around 10:30 a.m., she heard a knock on the patio door, opened the blinds, and again observed Helmers. This time Helmers, still dressed in his robe and slippers, opened the robe completely, such that Phillips was able to observe that he was completely naked under the robe and to observe "everything," including his genitals. She testified that she made eye contact with him before he opened his robe. She shut the blinds and was frightened by the incident. She testified that Helmers was on her patio without her permission.
Huber Heights Police Officer Phillip Greene testified that Phillips' story at trial was consistent with what she had told him when he investigated the incident on July 5. He also testified that he spoke with Helmers in the evening of July 5, and that Helmers denied any involvement in the incident. He testified that he did not ask Helmers if he had a bathrobe and did not obtain a search warrant to search his apartment.
Helmers testified that he was gone on July 4 and returned home around 10:30 to 11:00 a.m. on July 5 and remained at home for a half hour, during which he changed his clothes, and then left. He testified that he does not own a red bathrobe, nor does he own house slippers. He exhibited a scar and psoriasis on his chest and stomach and denied committing the offenses.
It is a well established principle of appellate practice that an appellate court will be deferential to the factual findings of the trial court, as finder of fact, where the trial court is called upon, as was the situation here, to judge the credibility of two witnesses who testify to completely different versions of the same incident. Here, Phillips testified to behavior by Helmers that constituted the offenses of public indecency and trespass. Helmers, on the other hand, testified that while he may have been at home when the alleged incidents took place, he was not the perpetrator of the offenses and was a victim of mistaken identity.
In his written decision, the trial court expressly found Sharon Phillips to be "very credible." It is not a basis for reversal that the trial court believed Phillips over Helmers or that the State presented no evidence other than the testimony of Phillips and Officer Greene. It was not necessary for the State to produce either the red robe or the house slippers that Phillips testified Helmers was wearing or to introduce fingerprint evidence. It was not necessary for Phillips to identify a large scar or psoriasis on Helmers' chest and stomach. Indeed, during the trial, Phillips was not asked about either a scar or psoriasis on Helmers' chest or stomach.
In short, the findings of guilty were supported by sufficient evidence and were not against the manifest weight of the evidence and, accordingly, the judgment appealed from will be affirmed.
FAIN, J. and GRADY, J., concur.